*469 The opinion of the Court was delivered by
Dargan, Oh.
The question presented in this appeal arises upon the construction of the will of George B. Hamner, Sr., of Meehlenburg county, Virginia, which bears date the 17th November, 1834. The disposing part of the will consists of but one clause, which is in the following words:
“It is my will and desire that all my just debts be paid, and funeral expenses, out of my estate: and all the residue ‘thereof, I give to my wife, during her life, to be used for her use and benefit as she may think proper; and at her death, it is my will and desire, that the estate which may be then in being for her support, be equally divided amongst my children and grand-children,>except Howell Jeffries, son of my daughter, Sarah, (as his uncle, Howell L. Jeffries, has promised to provide for him,) and my daughter, Maria, (having given her as much as I intend her to have out of my estate.) It is also my will, that Samuel Jeffries, also son of my daughter, Sarah, shall have no part of my estate, at the death of my wife. It is my will and desire, that my wife and my son, W. H. Hamner, shall have the management of my estate.
The life estate of the widow, Ann Hamner, terminated at her death, 28th September, 1838. At the death of the testator, his children were, William H., George B., James B., Richard, Nancy, wife of Reuben A. Puryear, Martha E., wife of Alfred M. Hunt, Maria and Margaret. . The grand-children then living were Howell and Samuel Jeffries, sons of testator’s daughter, Sally, who predeceased him, Sally, daughter of Nancy Puryear, now the wife of William E. Morgan, Elizabeth, daughter of George B., now the wife of Jesse Wessenger, Mary Erances, daughter of George B., now the wife of Thomas P. Walker, and perhaps, as alleged in the bill, and denied in the answer of A. M. Hunt and wife, William, son of George B. The same persons answered the description of children and grand-children at the death of the testator, and at that *470 of his widow, the tenant for life — except Bichard, who survived him, and predeceased her, and it is disputed whether Mary Prances was then in existence.
The remainder having fallen in, this suit has been brought for a partition of the estate. The litigation is, as to the parties who are to take, and the proportions in which they are to take. The sole question of law is, do the children and grand-children take per stirpes, or per capita ?
The Chancellor, who heard the cause on circuit, held, that the children and grand-children take equally in the distribution of this estate. Prom this decree an appeal has been taken on the following grounds:
“ Pirst. Because, it appears from the whole will, and the general object and intention of the testator, that he did not intend his grand-children should take shares under the will, except in case of the previous death of the parent, and then only by representation; and that such intention appears manifest from the reason assigned by the testator in his will, for excluding his daughter, Maria, from a share in the distribution of the estate.”
“ Second. If grand-children can take per capita equally with the children of the testator, then it is submitted, that those only can take who were living at the death of the testator, and not those subsequently born.
I think with the Chancellor who heard the cause on circuit, that the principles which must govern the decision of this case are too clearly defined to admit of discussion or doubt. Where a testator has given an estate to several persons as a class to take effect at his death, (which, in that case, is the period to which the partition refers) all who can bring themselves within the description at the death of the testator, are entitled to take. But where the partition is postponed by the interposition of a life estate, or to some future day for *471 any other cause, all who can bring themselves within the description at the period of distribution are entitled.to participate in the distribution. It is unnecessary to cite cases. All the authorities support the doctrine. There are none to the contrary. And the rule will not yield except to a qualifying context. In this will, the death of the tenant for life, the testator’s widow, is the period fixed for the distribution/of the remainder among the testator’s children and grand-children, with the exception of two of the grand-children, who are expressly excluded. All the children and grand-children of the testator, who were in being at the death of the tenant for life, except the grand-children, (Howell and Samuel Jeffries, who are expressly excluded by the terms of the will,) are entitled to a share in the division of this estate: as well those who were born at the death of the testator, as those after born.
Ye have thus arrived at the conclusion, that all the grandchildren in being at the death of the tenant for life, are entitled to participate. In what proportions they are to take— whether representatively or per capita, and in equal shares with the children, is another and a distinct question. But it is equally well settled, that where a testator gives an estate to his children and grand-children, without explanatory words, indicating a different intent, the children and grandchildren will take per capita, and in equal shares. A division, by which the grand-children should take representatively through their parents, would, among lineals, I think, be more natural, and less repugnant to the common course of human affections. The intensity of a man’s love for his offspring, is in proportion to their propinquity. His affection for the offspring of his own loins, to whom he is endeared by a thousand associations and fond memories is 'stronger than for his remoter, immature, or unborn descendants. Hence, if a man having one living son, and ten grand-sons, the children of a deceased son, were to give his estate to be equally *472 divided among Lis son and ten grand-sons, without some ■special reason for such a disposition, by the common consent of mankind, lie would be considered as having done injustice ■to the son. This sentiment does not exist as to collaterals. A man -would not be considered as having violated any natural obligation, if he gave his estate to be equally divided among his living uncle and the ten children of his deceased uncle; or for having made any similar. disposition. These natural distinctions ai’e recognized in, and in part, form the basis of our statute of distributions; where, among lineals, the jus representations, exists indefinitely to the remotest degree, and among collaterals, only in one or two specified cases among children of brothers or sisters of the whole blood.
It is upon reasons like these, I apprehend, that in case's similar to this, where a testator gives an estate to his children and grand-children, the Court is disposed to look into the will, to see if there be any satisfactory indicia manifesting on the part of the testator, a more natural intent than that which the words “to children and grand-children” import. And it is not to be denied that Courts have, on some occasions, laid hold of very slight circumstances to vary the construction. In one case, it is said, that the faintest glimpse of such intention is sufficient. But this, perhaps, would be going too far. To give a strained construction to carry into effect a favorite theory would not be the most conducive mode of arriving at the true meaning of the will.
The jus disjponendi is absolute in the. testator; and he has the right to dispose of his estate, as his judgment or caprice may dictate. And if he has expressed his meaning plainly, no tortured interpretation should be resorted to for the purpose of defeating his purpose; — even though he may be supposed to have made an unnatural will. If, without wresting the import of the words employed, the will admits of *473 two interpretations, the Court will adopt that which is the most natural.
¥e have been earnestly asked to look into this will, for the purpose of giving effect to certain alleged indications, that the testator’s meaning was different from that which the Circuit Court has construed it to be. We have carefully examined the will, and we have discovered nothing to warrant us in holding that the testator, by his gift to his children and grand-children, did not intend to use those words in their ordinary and popular sense, and that all who fell under that description at the death of his widow, should take per capita or in equal shares.
It is ordered and decreed that the circuit decree be affirmed and that the appeal be dismissed.
Johnston, Dtjnkin and WARDLAW, CO., concurred.

Appeal dismissed.